

EMMA ANDERSON
8612 BEL AIR STREET
BUENA PARK, CA 90620
714-201-2014
NO FAX
NO EMAIL
IN PRO PER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SACV 17-2176

| | |
|---|---|
| MTGLQ INVESTORS, LP | Case No.: |
| PLAINTIFF, | NOTICE OF REMOVAL UNDER [28 USC 1332, 1391, 1441, 1446 (6)] |
| VS. | Calif. CCP 430.90] |
| MANUEL C. ROXAS, AND DOES 1-100, INCLUSIVE | From The SUPERIOR COURT OF CALIFORNIA |
| DEFENDANT, | Case No. 30-2017-00936906-CL-UD-NJC |

Defendants allege:

PARTIES AND COUNSEL

1. Defendant, EMMA ANDERSON is a party in a California State Court filed in Orange County Superior Court, concerning real property located at 8612 BEL AIR STREET, BUENA PARK, CA 90620 [hereafter "premises"], within this court's jurisdiction.

2. Defendant, former owner of the premises, and participants in this litigation.

COMPLAINT REMOVING TO FEDERAL COURT- 1

3. Whereas this action was filed in California State Court only
against the former owner of the premises, Defendant is a bona
fide tenant under the "Protecting Tenants at Foreclosure Act"
4. Plaintiff is represented by Counsel in the State Court action
as follows:

                    ALDRIDGE PITE, LLP
                    WILLIAM R. JARRELL
                    4375 JUTLAND DRIVE, SUITE 200
                    P.O. BOX 17934, SAN DIEGO, CA 92177
                    TEL.: 858-750-7600


**Federal Question**

5. Plaintiff has actually filed a Federal Question action in
State Court, for which the State Court Action is removed under
28 U.S.C. 1441 et seq. and *Hunter v. Philip Morris USA*, 582 F.3d 1039,
1042-43 (9th Cir. 2009); 28 U.S.C. 1331.
6. New federal legislation effective May 21, 2009, as amended in
July, 2010, as Public Law 111-203, the "Protecting Tenants at
Foreclosure Act 2009," 12 U.S.C. 5220, note [hereafter "PFTA"]
preempted State Law as to bona fide Residential tenants of
foreclosed Landlords [*Florida Lime & Growers, Inc v. Paul*, 373 U.S. 132,
142-43 (1963) (concept of limited preemption)]
   a. Whereas under California Law, a foreclosure automatically
   terminated any junior agreements [*Bank of America V. Hirsch Merc. Co.*
   (1944) 64 Cal App 2d 175, 182], Section 702(a)(2) of the PTFA
   makes the purchaser at the foreclosure sale subject to the

rights of the existing bonafide tenants. The tenancy is protected by federal law.

b. Whereas under California, a foreclosure eviction may be filed as to any such tenant on more 60 days' notice of termination [California Civil Procedures Code 1161a, 1161b], the PFTA requires that a full 90 days ' notice be given [PTFA 701(a)(a)]

c. Whereas under California Law, the notice of termination can be given at any time after the foreclosure purchaser has title [California Civil Procedures Code 1161a], under the PFTA the 90-day notice can ONLY be given when the tenancy is a month-to-month OR if the tenancy is a lease where the buyer who will move into the premises as their primary residence. [PFTA 701(a) (2)]

d. It is unlawful to evict a bona fide residential tenant of a foreclosed landlord under Federal Law.

7. The complaint in this action was filed in State Court as artful pleading, entitled by the Superior Court of California as Unlawful Detainer, pleadings intentionally fails to allege compliance with the PTFA, serving only a 3 day notice to quit. Thus, in order to evict a bona fide residential tenant of a foreclosed Landlord, Plaintiff was required to state a cause of action under the PTFA, but sought to avoid those protections by filing this action as an "Unlawful Detainer" by artful pleadings in State Court.

8. A well-pleaded complaint is shown at least where the Plaintiff's right to relief necessarily depends on resolution of a substantial question of Federal Law. *Armstrong v. N. Mariana*

*Islands*, 576 F.3d 950, 954-55 (9th Cir. 2009); *Empire Healthcare Assurance v. McVeigh* 547 US 677, 689-690 (2006); *Franchise Tax Bd. v. Const. Laborers Vacation Trust for S. Cal*. 463 US 1, 12, 27-28 (1983). Here, the complaint is based upon the PTFA, but it was brought in Superior, and misnomered "Unlawful Detainer."

9. Even where the cause of action is based on state law, the district court has subject matter jurisdiction over the case if

   (1)   the federal issues are essential to the claims,

   (2)   there is a substantial federal issues in resolving such issues, and

   (3)   a Federal forum may entertain the state law claims without disturbing the balance of federal and state judicial responsibilities. *Grable & Sons Metal Prods v. Darue Eng.r & Mfg*. 545 US 308, 313, 315 (2005). Here, the PTFA is essential to the right of possession, Congress passed the PTFA to express its substantial interest in such issues, and the "balance" of judicial responsibilities will not be disturbed.

10. Stripped of the artful pleading [*Arco Envtl. Remediation LLC v. Dept. of Health and Envtl Quality* 213 Fed 3d 1108, 1114 (9th, 2000)], the complaint attempts to state a cause of action in PTFA ejectment, and cannot state a cause of action in State unlawful detainer. The PTFA is that substantial question of law. The Plaintiff cannot defeat removal by omitting necessary federal question of law. The plaintiff cannot defeat removal by omitting necessary federal questions in the Complaint.

11. To be a federal cause of action, there must also be a private right of action. *Merrill Dow Pharms. Inv v. Thompson* 478 US 804,

817 (1986). It can be either express or implicit. *Diaz v. Davis* 549 Fed 3d 1223, 1229-1230 (9th Cir. 2008). The Court must look to the "rights creating" language and statutory structure within which it is contained. *Lamie v. United States Trustee* 540 US 526, 534 (2004). The Court must assume that Congress did not intend to create a right without a remedy. *First Pacific Bancorp. Inc v. Helfer*, 224 F.3d 1117, 1123, 1125-26 (9th Cir. 2000).

12. *The four criteria of Cort V. Ash* 422 US 66 (1975) are satisfied:

a. Defendant Edgar Avilez is a member of a protected class for whom the statue, the "Protecting Tenants at Foreclosure Act" was created.

b. The rights-creating language of the PTFA, its context, and the legislative history. *Opera Plaza Residential Parcel Homeowners Assn. v. Hoang* 376 Fed. 3d 831, 836 (2004), 9th Cir) are underscored by i. The language of the PTFA, particularly 702(a), ii. The lack of any other specified enforcement mechanism [*First Pacific Bancorp inc. v. Helfer* 224 Fed 3d 1117m 1123 (200, 9th Cir.); *Williams v. United Airlines, Inc 500* Fed 3d, 1019, 1024 (9th, 2007)], and iii. The legislative history.

c. The cause of action is consistent with the underlying purpose of the law: balancing the rights of the parties.

d. The "traditional status" of evictions as a state cause of action is the weakest of the criteria [*First Pacific Bancorp, Inc. v. Helfer*, 224 F. 3d 1117, 1127 (9th Cir. 2000)], particularly intended to occupy the filed and break tradition, with a bold new law intended to protect tenants whose landlords did not use the rent money to pay the

mortgage, in a distressed economy, under the Supremacy Clause.

13. The PTFA is not a defense, but the entire basis for the action to eject a bona fide residential tenant of a foreclosed landlord. Even without any defense of the PTFA being raised, Plaintiff cannot state a cause of action to remove such a tenant without framing the prima facie case in the language of the PTFA. The notice purports to comply with the PTFA, and without the reference to the 90-day notice required by the PTFA, Plaintiff would be unable to evict any such tenant.

14. The federal cause of action in ejectment is the basis for this action, irrespective of artful pleading, such that action could have been brought in Federal District Court.

**Removed Action**

15. The notice of removal is timely under Section 1446 (b) of Title 28 of the United States Code because it is filed within 30 days of discovering that the case was ripe for removal.

16. A true and correct copy of the State Court Complaint of the action, Defendant's Pre-Judgment Claim of Right to Possession and related documents, sought to be removed to this Court are attached hereto and incorporated herein by reference.

17. Defendant, EMMA ANDERSON is bona fide residential tenant of a foreclosed landlord, entitled to the protection of the PTFA, and entitled to remove this action to Federal Court.

18. Under California code of Civil Procedure 430.90, the state trial court hereby loses jurisdiction under the Federal Rules of Civil Procedure and does not recover jurisdiction, if at all, until and unless this action is remanded to the state Court,

after which jurisdiction will again attach as described in that statue.

Date: November 29, 2017

*Emma Anderson*

EMMA ANDERSON, IN PRO PER

# Exhibit "A"

EMMA ANDERSON
8612 BEL AIR STREET
BUENA PARK, CA 90620
714-201-2014
NO FAX
NO EMAIL
IN PRO PER

SUPERIOR COURT, STATE OF CALIFORNIA
FOR THE COUNTY OF ORANGE

MTGLQ INVESTORS, LP

        PLAINTIFF,

        VS.

MAUEL C. ROXAS, AND DOES 1-100,
INCLUSIVE
        DEFENDANT,

Case No.: 30-2017-00936906-CL-UD-NJC

DEFENDANT´S NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT

TO: THE CLERK OF THE ABOVE-ENTILED COURT, AND COUNSEL OF RECORD PLEASE TAKE NOTICE that defendant, EMMA ANDERSON, today filed in the office of clerk of the United States District court for the Southern District of California, a Notice and Petition removing the above-captioned pending action to The United States District Court.

FEDERAL CASE# **SACV 17-2176**    (JDEx)

    Pursuant to 28 U.S.C. 1446(d), the filing of The Petition for Removal with the clerk of the District Court together with giving of this notice "**shall effect the removal and The State Court shall proceed no further unless and until the case is remanded**" by the United States Court for The Southern District of California.

Date: November 29, 2017

                            _Emma Anderson_
                            EMMA ANDERSON, In Pro Per

CP10.5

NOTICE: EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.

1. If you live here and you do not complete and submit this form, you may be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. You must file this form within 10 days of the date of service listed in the box on the right hand side of this form.
   • **Exception:** If you are a tenant being evicted after your landlord lost the property to foreclosure, the 10-day deadline does not apply to you and you may file this form at any time before judgment is entered.
3. If you file this form, your claim will be determined in the eviction action against the persons named in the complaint.
4. If you do not file this form, you may be evicted without further hearing.
5. If you are a tenant being evicted due to foreclosure, you have additional rights and should seek legal advice immediately.

| CLAIMANT OR CLAIMANT'S ATTORNEY (Name and Address):    TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|
| EMMA ANDERSON<br>8612 Bel Air Street<br>Buena Park, CA 90620<br><br>ATTORNEY FOR (Name):  IN PRO PER | |

| NAME OF COURT: SUPERIOR COURT OF CALIFORNIA COUNTY OF ORANGE | **ELECTRONICALLY FILED** |
|---|---|
| STREET ADDRESS: 1275 N. BERKELEY AVE.<br>MAILING ADDRESS: 1275 N. BERKELEY AVE.<br>CITY AND ZIP CODE: FULLERTON, CA 92838<br>BRANCH NAME: NORTH JUSTICE CENTER | Superior Court of California,<br>County of Orange<br><br>**09/01/2017** at 01:57:00 PM<br><br>Clerk of the Superior Court<br>By Lourdes Mora, Deputy Clerk |

Plaintiff: MTGLQ INVESTORS, LP

Defendant: MANUEL C. ROXAS, AND DOES 1-100, INCLUSIVE

| PREJUDGMENT CLAIM OF RIGHT TO POSSESSION | CASE NUMBER: 37-2017-00936906-CL-UD-NJC |
|---|---|
| Complete this form only if ALL of these statements are true:<br>1. You are NOT named in the accompanying Summons and Complaint.<br>2. You occupied the subject premises on or before the date the unlawful detainer (eviction) complaint was filed. (The date is in the accompanying Summons and Complaint.)<br>3. You still occupy the subject premises. | (To be completed by the process server)<br>DATE OF SERVICE:<br>(Date that form is served or delivered, posted, and mailed by the officer or process server) |

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is (specify): EMMA ANDERSON
2. I reside at (street address, unit no., city and ZIP code):

   8612 Bel Air Street
   Buena Park, CA 90620

3. The address of "the premises" subject to this claim is (address):

   8612 Bel Air Street  Buena Park, CA 90620

4. On (insert date): 08/10/2017                          , the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises. (This date is in the accompanying Summons and Complaint.)

5. I occupied the premises on the date the complaint was filed (the date in item 4). I have continued to occupy the premises ever since.

6. I was at least 18 years of age on the date the complaint was filed (the date in item 4).

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed (the date in item 4).

8. I was not named in the Summons and Complaint.

9. I understand that if I make this claim of possession, I will be added as a defendant to the unlawful detainer (eviction) action.

10. (Filing fee) I understand that I must go to the court and pay a filing fee of   $ 225.00         or file with the court an "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file the form for waiver of court fees, I will not be entitled to make a claim of right to possession.

(Continued on reverse)

**PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**

Code of Civil Procedure, §§ 415.46, 715.010, 715.020, 1174.25

10

CP10.5

| Plaintiff: MTGLQ INVESTORS, LP | CASE NUMBER: |
|---|---|
| Defendant: MANUEL G. ROXAS, AND DOES 1-100, INCLUSIVE | 37-2017-00936906-CL-UD-NJC |

11. If my landlord lost this property to foreclosure, I understand that I can file this form at any time before judgment is entered, and that I have additional rights and should seek legal advice.

12. I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

> NOTICE: If you fail to file this claim, you may be evicted without further hearing.

13. **Rental agreement.** I have *(check all that apply to you)*:

a. ☐  an oral or written rental agreement with the landlord.

b. ☑  an oral or written rental agreement with a person other than the landlord.

c. ☐  an oral or written rental agreement with the former owner who lost the property to foreclosure.

d. ☐  other *(explain)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

> WARNING: Perjury is a felony punishable by imprisonment in the state prison.

Date: 09/01/2017

EMMA ANDERSON
_____
(TYPE OR PRINT NAME)

▶ *Emma Anderson*
_____
(SIGNATURE OF CLAIMANT)

> NOTICE: If you file this claim to possession, the unlawful detainer action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

---

## — NOTICE TO OCCUPANTS —

**YOU MUST ACT AT ONCE if all the following are true:**

1. You are NOT named in the accompanying **Summons and Complaint.**
2. You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed.
3. You still occupy the premises.

You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the form) at the court where the unlawful detainer (eviction) complaint was filed. If you are a tenant and your landlord lost the property you occupy through foreclosure, this 10-day deadline does not apply to you. You may file this form at any time before judgment is entered. You should seek legal advice immediately.

If you do not complete and submit this form (and pay a filing fee or file a fee waiver form if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you may be evicted without a hearing.*

---

For your protection and privacy, please press the Clear



11

TYNEIA G. MERRITT, ESQ., (SBN 235750)
MERRITT LAW, INC., dba MLG of CA
3237 E. GUASTI ROAD, SUITE 230
ONTARIO, CA 91761
Telephone:   (909) 476-0651
Facsimile:   (909) 476-7029
Email:        legal@mlawinc.com

Attorney for Plaintiff, MTGLQ Investors, LP

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**08/10/2017** at 12:33:00 PM

Clerk of the Superior Court
By Vicky Huang,Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE - NORTH JUSTICE CENTER

| | |
|---|---|
| MTGLQ Investors, LP<br><br>                          Plaintiff,<br><br>          vs.<br><br>Manuel C Roxas,<br>and DOES 1-100, Inclusive<br><br>                          Defendants. | Case No.: 30-2017-00936906-CL-UD-NJC<br><br>COMPLAINT FOR UNLAWFUL DETAINER<br><br>LIMITED CIVIL JURISDICTION<br><br>**ACTION BASED ON CCP §1161a**<br><br>AMOUNT DEMANDED DOES NOT EXCEED $10,000<br><br>Property Address: 8612 Bel Air Street, Buena Park, CA 90620; APN No. 070-541-10 |

Plaintiff, MTGLQ Investors, LP ("MTGLQ Investors, LP") alleges as follows:

1. Plaintiff is entitled to possession of, and is the owner of record of a parcel of real property located at 8612 Bel Air Street, Buena Park, CA 90620; APN No. 070-541-10 (the "Property"). Said Property is located within the above-referenced Judicial District and County.

2. Defendant(s) at all times herein mentioned resided in the State of California, County of ORANGE.

-1-

**COMPLAINT FOR UNLAWFUL DETAINER**

12

3. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendant(s) named herein as Does 1-100, inclusive, and each of them, are unknown to Plaintiff and therefore, plaintiff sues these Defendant(s) under California Code of Civil Procedure 474, and prays leave to amend this Complaint to insert their true names and capacities when ascertained.  These defendants will be served pursuant to California Code of Civil Procedure §415.46.

4. Possession of the Property is sought pursuant to California Code of Civil Procedure § 1161a.

5. Plaintiff, MTGLQ Investors, LP, obtained title to the Property and right to possession by its purchase at a Trustee's Sale held on March 20, 2017.  The particulars are as follows:

   a. Defendant(s), Manuel C Roxas, executed as Trustor(s) a Deed of Trust, with power of sale, recorded on or about April 9, 2007 in the Official Records of ORANGE County, California as Instrument Number 2007000226585, which Deed of Trust encumbered the Property.

   b. Under the power of sale contained in the Deed of Trust, and pursuant to the foreclosure and sale of the Property, the Property was sold in compliance with California Civil Code section 2924.

6. Plaintiff's legal title to the Property was perfected by the recording of the Trustee's Deed Upon Sale with the ORANGE County Recorder's Office. A copy of the Trustee's Deed Upon Sale is attached as Exhibit "A" and incorporated by reference.

7. Defendant(s) is the former trustor of the Deed of Trust or a holdover occupant of the former trustor.

**COMPLAINT FOR UNLAWFUL DETAINER**

8. Plaintiff is informed, believes, and thereon alleges that Defendant(s) Manuel C Roxas, and Does 1 through 100 remain in possession of the Property.

9. On or about April 29, 2017, Plaintiff caused to be served on Defendant(s) and "All Occupants in Possession" of the Property with a written NOTICE TO QUIT ( 3 days) and NOTICE TO VACATE (90 days) pursuant to California Code of Civil Procedure §1162.

10. A copy of the NOTICE TO QUIT is attached hereto respectively as Exhibit "B" and incorporated by reference.

11. A copy of the NOTICE TO VACATE is attached hereto respectively as Exhibit "C" and incorporated by reference.

12. A copy of the Proof of Service of the NOTICE TO QUIT and NOTICE TO VACATE is attached hereto as Exhibit "D" and incorporated by reference.

13. On or about April 29, 2017, Plaintiff caused to be served on Defendant(s) and Does 1 through 100 a written NOTICE TO ANY RENTERS  pursuant to California Code of Civil Procedure §1161(c).

14. A copy of the Notice to Any Renters is attached as Exhibit "E."

15. A copy of the Proof of Service of the Notice to Any Renters is attached hereto as Exhibit "D" and incorporated by reference.

16. On or about April 29, 2017, Plaintiff caused to be served on Defendant(s) and "All Occupants in Possession" of the Property with a written Notice of Change of Ownership and 5 Language Notice pursuant to California Code of Civil Procedure section 1162.

17. A copy of the Notice of Change of Ownership is attached herewith and incorporated by reference as Exhibit "F".

**COMPLAINT FOR UNLAWFUL DETAINER**

14

18. A copy of the 5 Language Notice is attached herewith and incorporated by reference as Exhibit "G".

19. A copy of the Proof of Service of the Notice of Change of Ownership and 5 Language Notice is attached herewith and incorporated by reference as Exhibit "D."

20. The NOTICE TO QUIT and NOTICE TO VACATE required Defendant(s) to vacate and surrender possession of the Property.

21. The NOTICE TO QUIT AND NOTICE TO VACATE expired at midnight on July 28, 2017, and since July 29, 2017, Plaintiff is and has been entitled to immediate possession of the Property.

22. Defendant(s) and each of them have failed and refused to surrender possession of the Property within or since the NOTICE TO QUIT AND NOTICE TO VACATE period, and continue in possession of the Property without Plaintiff's consent.

23. Plaintiff demands possession of the Property.

24. Plaintiff is informed, believes, and thereon alleges that the reasonable value of the Property is $50.00 per day, and that damages to the Plaintiff proximately caused by Defendant(s)' unlawful detention of the Property have accrued since July 29, 2017, and will continue to accrue at that rate so long as Defendant(s) remain in possession of the Property.

25. Plaintiff hereby requests that this court take judicial notice of a certified copy of the Trustee's Deed Upon Sale at the time of trial.

26. Plaintiff accepts the jurisdictional limit, if any, of this Court.

-4-

**COMPLAINT FOR UNLAWFUL DETAINER**

WHEREFORE, Plaintiff prays and requests judgment as follows:

1. For possession of the Property;

2. For damages for the unlawful detention of the Property at the rate of $50.00 per day from July 29, 2017, until entry of judgment.

3. For costs of suit.

4. For such other and further relief as the Court deems appropriate.

DATED: 8|7|17

MERRITT LAW INC. dba MLG of CA

TYNEIA G. MERRITT, ESQ.
Attorney for Plaintiff,
MTGLQ Investors, LP

-5-

**COMPLAINT FOR UNLAWFUL DETAINER**

16

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that on 11/29/2017, he served a copy of:

## NOTICE OF REMOVAL

By placing said copy in an envelope addressed to the person(s) hereinafter named, at the places and addresses shown below, which are the last known addresses, and mailing said envelope and contents in the U.S. Mail in Buena Park, California.

```
ALDRIDGE PITE, LLP
WILLIAM R. JARRELL
4375 JUTLAND DRIVE, SUITE 200
P.O. BOX 17934, SAN DIEGO, CA 92177
```

Hilda Fernandez

17